**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebonee Walters, | No. CV-26-04237-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Curaleaf Incorporated, | |
| Defendant. | |

On June 17, 2026, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP").  (Doc. 3).  The Court will now consider the motion.

## I.    Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

The Court may also, "consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024). The Court may also impose a partial filing fee. *Id.* at 767.

Plaintiff alleges that she last worked in 2024 and has had no income since that time.

(Doc. 3). Plaintiff alleges that she has $3,153.00 per month in expenses. (*Id*.). Plaintiff has $14,000.00 in savings. (*Id*.).

Although Plaintiff fails to explain why she cannot pay the filing fee out of her savings, Plaintiff's lack of any income supports allowing her to proceed in forma pauperis. Therefore, the Court will grant the motion.

## II.    28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

In this case, Plaintiff brings five employment related causes of action against her former employer: 1) racial discrimination under Title VII (Doc. 1 at 5); 2) sex discrimination under Title VII (Doc. 1 at 6); 3) retaliation under Title VII (Doc. 1 at 7); 4) whistleblower retaliation under Arizona state law (Doc. 1 at 8); and, 5) hostile work environment under Title VII (Doc. 1 at 8). Plaintiff claims she left employment with Defendant in December 2022. (Doc. 1 at 10). Plaintiff attaches a right to sue letter from

the EEOC dated March 19, 2026.  (Doc. 1 at 13).

Liberally construed, the Court finds that Plaintiff has alleged sufficient facts to survive screening.  However, this conclusion is without prejudice to Defendant moving to dismiss if Defendant deems such a motion to be appropriate.  *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").  Defendant may move to dismiss in part because the Court's cursory review of the claims for purposes of screening often does not include a full analysis of each of the elements of each cause of action and lacks the benefit of the opposing party's briefing.  *See Laszloffy v. Garcia*, No. 2:19-cv-01173-JAD-BNW, 2024 WL 870580, at *2 (D. Nev. Feb. 29, 2024); *Baldhosky v. Hubbard*, No. 1:12-cv-01200-LJO-MJS, 2017 WL 68098, at *2 (E.D. Cal. Jan. 5, 2017).[1]

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m).  Plaintiff may either serve the second amended complaint through her own means, or file a motion asking for service by the U.S. Marshals.  Any motion for Marshal service must be filed within 14 days of the date of this Order.

/ / /

/ / /

/ / /

---

[1] For example, in this case, the Court has not located when Plaintiff filed with the EEOC following her 2022 separation from employment.  While it is possible Plaintiff timely filed with the EEOC and the EEOC took approximately three years to issue the right to sue letter, the Court cannot make this determination on this record.

**IT IS FINALLY ORDERED** that Defendant must answer or otherwise respond to the complaint within the time limits set by the Federal Rules of Civil Procedure.

Dated this 7th day of July, 2026.

James A. Teilborg
Senior United States District Judge