**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ebonee Walters,<br>Plaintiff,<br>v.<br>Curaleaf Incorporated,<br>Defendant. | No. CV-26-04237-PHX-JAT<br>**ORDER** |

Pending before the Court is Defendant's partial motion to dismiss. (Doc. 14). Plaintiff responded, (Doc. 16), and Defendant replied, (Doc. 17). Plaintiff has also filed a motion for leave to file a sur-reply. (Doc. 18). The Court now rules.

## I. Factual Background

Plaintiff alleges[1] she is an African-American woman who was hired by Defendant in September 2022. (Doc. 1 at 2). During her employment, which lasted almost 3 months, she was subjected to sexual harassment, despite reporting it to her direct supervisor. (*Id.* at 2–3). After reporting it, the work environment became hostile and retaliatory. (*Id.* at 3). Plaintiff later raised concerns regarding the store's compliance with Arizona Revised Statute ("A.R.S.") § 36-2852(A)(1). (*Id.*). She was then reassigned duties. (*Id.* at 4).

[1] In summarizing the factual background of this case for purposes of a motion under Federal Rule of Civil Procedure 12(b)(6), the Court takes the complaint's factual allegations as true. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) ("All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party."). However, the Court need not accept "a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009).

Plaintiff reported the workplace harassment, unwanted touching, and sexual gestures to the Scottsdale Police Department. (*Id.* at 4). She was terminated the next day. (*Id.* at 5).

**II. Motion to Dismiss**

Plaintiff's complaint alleges five causes of action: (1) racial discrimination under Title VII, (2) sex discrimination under Title VII, (3) retaliation under Title VII, (4) whistleblower retaliation under A.R.S. § 36-2852(A)(1), and (5) a hostile work environment under Title VII. (Doc. 1 at 5–8). She seeks $347,812.50 in damages. (*Id.* at 10). Defendant moves to dismiss Count I (racial discrimination) and Count IV (whistleblower retaliation). (Doc. 14 at 1).

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678 (2009). A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**A. Count I**

Defendant argues that Count I exceeds the scope of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge because she only checked the boxes for sex discrimination and retaliation in her EEOC charge, and not the box for race discrimination. (Doc. 14 at 1, 4). In support, Defendant attaches Plaintiff's EEOC charge, which is not part of the pleadings. (Doc. 14-1 at 2–4). Defendant further argues that because a Title VII claimant must file a charge of discrimination within 300 days of the allegedly unlawful employment practice, her time to exhaust her administrative remedies with the EEOC regarding her racial discrimination claim has passed. (*Id.* at 4).

Plaintiff concedes "that she did not check the race-discrimination box on her

original EEOC [c]harge," but argues that she later submitted additional information to EEOC investigators that alleged discriminatory treatment based on her race. (Doc. 16 at 4). Plaintiff attaches an April 2024 email communication with the EEOC to her response, arguing that she submitted "additional information to EEOC investigators expressly identifying herself as the only African American woman working on the sales floor and alleging discriminatory treatment based on her race." (Doc. 16 at 4, 10–19).

Generally, a district court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.* "First, a court may consider 'material which is properly submitted as part of the complaint[.]'" *Id.* (citation omitted). Second, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Id.* at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

The Ninth Circuit Court of Appeals has also "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contends of the document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The decision to convert the motion into one for summary judgment, or to exclude the evidence, is within the Court's discretion. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

Here, the Court may consider the EEOC charge without converting the motion to dismiss into one for summary judgment because the EEOC charge is a judicially noticeable matter of public record. Indeed, "[c]ourts regularly take judicial notice of certain EEOC documents." *Hoyt v. Ariz. Bd. of Regents*, No. CV-25-01807-PHX-DWL, 2026 WL 160870, at *3 (Jan. 21, 2026) (citation omitted). And Plaintiff does not contest the

authenticity of this document in her response. Therefore, this Court takes judicial notice of the EEOC charge attached to Defendant's motion to dismiss. *See Mack v. S. Bay Beer Distribs. Inc.*, 798 F.2d 1279, 1292 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) ("On a motion to dismiss, however, a court may take judicial notice of 'records and reports of administrative bodies.'") (citing *Sears, Roebuck & Co. v. Metropolitan Engravers Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)).

The April 2024 email that Plaintiff attaches to her response, however, was not submitted as part of her complaint, nor is it a matter of public record. Further, the April 2024 email does not satisfy the incorporation by reference doctrine because Plaintiff does not refer to this exhibit in her complaint, nor has she established that this exhibit forms the basis of her claims to allow incorporation by reference. Accordingly, it is not appropriate for the Court to take judicial notice of the April 2024 email.

Moreover, even if the Court could take judicial notice of the April 2024 email, this email is insufficient to expand the EEOC's investigation to include a racial discrimination claim. Plaintiff argues that under *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1100–02 (9th Cir. 2002), the scope of a Title VII action is not limited to the wording of the original administrative charge but may encompass claims within the EEOC investigation. (Doc. 16 at 4). And she further argues that the April 2024 email demonstrates that she "expressly raised race discrimination while the investigation remained pending." (*Id.*). But she never made the racial discrimination claim in the original charge. (*See id.* (conceding that Plaintiff never checked the racial discrimination box in the EEOC charge)). And there is no evidence or argument in this case that the EEOC considered or investigated racial discrimination. Therefore, the April 2024 email is insufficient to exhaust a claim of racial discrimination under *B.K.B.*, and Plaintiff makes no other argument for how a racial discrimination claim could be deemed to be exhausted. 286 F.3d at 1100–02.

Further, this claim is now time-barred because as of the date of this Order, more than 300 days have elapsed since Plaintiff's termination on December 15, 2022, (Doc. 1 at

5); thus, it is too late for her to return to the EEOC and exhaust her administrative remedies. *See Daniels v. Ariz. Dep't of Vets. Servs.*, No. CV-23-02359-PHX-ROS, 2026 WL 1020720, at *3 (D. Ariz. April 15, 2026) (citing *Ariz. Ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016)) ("A Title VII plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act, and the failure to do so 'will usually operate to bar that person from bringing a lawsuit.'"). Therefore, the Court will grant Defendant's motion to dismiss as to Count I.

**B. Count IV**

Defendant likewise argues that Count IV should be dismissed. (Doc. 14 at 1).

**1. No Cause of Action Under A.R.S. § 36-2852(A)(1)**

Defendant first argues that the statute Plaintiff cites in Count IV, A.R.S. § 36-2852(A)(1), does not create a private cause of action for an employee seeking damages based on employment retaliation. (Doc. 14 at 5). Plaintiff clarifies that Count IV presents a whistleblower-retaliation claim under A.R.S. § 23-1501(A)(3)(c)(i)–(ii). (Doc. 16 at 5). But Defendant contends she cannot cure the deficiencies in her complaint through new allegations and theories in her response. (Doc. 17 at 7).

Defendant correctly points out that in Plaintiff's complaint, she did not raise her whistleblower retaliation claim (Count IV) under A.R.S. § 23-1501(A)(3)(c)(i)–(ii). (Doc. 14 at 6). Defendant is likewise correct that A.R.S. § 36-2852 does not provide a cause of action. (*Id.* at 5). However, pro se litigant pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 595–99 (1972) (holding that allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).

In *Alvarez*, the Ninth Circuit Court of Appeals rejected an argument that the plaintiff could not advance legal arguments based on the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), despite the plaintiff's failure to cite that statute in his complaint. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). There, the Ninth Circuit reasoned that the plaintiff's RLUIPA claim and "subsequent filings provided [the defendants] with 'fair notice' of that claim, even though the statute was not cited in the

complaint itself." *Id.* In rejecting an argument similar to Defendant's, the Ninth Circuit opined that arguing a complaint failed to state a claim because the complaint did not cite the appropriate statute "misapprehend[ed] the function of pleadings in federal practice." *See id.* (stating that "[a] complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss").

Similarly, here, Plaintiff did not cite the relevant statute in her complaint, but she did sufficiently plead the elements such that Defendant was put on notice of her claim. Section 23-1501(A)(3)(c)(i)–(ii) provides a cause of action when an employer has terminated an employee in retaliation for: the employee refusing to commit an act that would violate the Arizona Constitution or Arizona statutes or the disclosure by the employee that the employee has information that the employer has violated the Arizona Constitution or Arizona statutes to the employer or a representative of the employer. A.R.S. § 23-1501(A)(3)(c)(i)–(ii). Plaintiff pleaded that she raised concerns regarding conduct she believed violated A.R.S. § 36-2852(A)(1), she refused to participate in this conduct and raised her concerns, which resulted in her being removed from the sales floor and subjected to discipline.[2] (Doc. 8 at 1). Accordingly, Plaintiff sufficiently pleaded a claim under A.R.S. § 23-1501(A)(3)(c)(i)–(ii), despite her failure to expressly reference it in her complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that if the court can reasonably read the pleadings to state a valid claim, it should do so despite the plaintiff's failure to cite proper authority). Therefore, the Court declines to grant Defendant's motion to dismiss as to Count IV on this basis.

**2. Count IV is Untimely**

Having found that Plaintiff sufficiently stated a claim under A.R.S. § 23-1501(A)(3)(c)(i)–(ii), the Court turns to Defendant's next argument: any claim under this statute is untimely. (Doc. 14 at 7). An action for damages for wrongful termination must be "commenced and prosecuted within one year after the cause of action accrues." A.R.S.

---

[2] For the same reasons, the Court declines to grant Defendant's motion to dismiss as to Count IV on the basis that Plaintiff fails to state a claim under A.R.S. § 23-1501(A)(3)(c)(i)–(ii). (Doc. 14 at 6).

12-541(4). Here, as Plaintiff concedes, she filed this action in June 2026, (Doc. 1), which is almost four years after the cause of action accrued in December 2022, (*Id.* at 5). Plaintiff, however, argues that the statute of limitations should be equitably tolled.

First, Plaintiff argues that equitably tolling is appropriate based on her diligent pursuit of administrative remedies and her reasonable reliance on the EEOC process. (Doc. 16 at 7). Plaintiff does not cite, and the Court did not find, authority to support this contention. Indeed, the United States Supreme Court rejected a similar argument in *Johnson v. Railway Express Agency*. 421 U.S. 454, 455 (1975). There, the plaintiff argued that filing a Title VII charge with the EEOC should toll the statute of limitations for a claim under 42 U.S.C. § 1981. *Id.* at 454. The United States Supreme Court disagreed and opined that "[t]he fact that [plaintiff's] slumber may have been induced by faith in the adequacy of [the administrative] remedy is of little relevance inasmuch as the two remedies are truly independent . . . . We find no policy reason that excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently." *Id.* at 466; *see also Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir. 1987) (holding that the state statute of limitations applicable to state tort arising from the same facts as an employee's Title VII claim was not tolled while the EEOC charge was pending). Accordingly, the Court rejects Plaintiff's argument that the statute of limitations under A.R.S. § 12-541 should have been equitably tolled pending her EEOC proceedings.

Second, Plaintiff argues the statute of limitations should be equitably tolled due to medical conditions she sustained arising from the alleged workplace misconduct, such as "severe PTSD that exacerbated her nonverbal learning disorder." (Doc. 16 at 8). Plaintiff further contends "these conditions substantially impaired her ability to process complex legal information and independently pursue litigation while the administrative investigation remained pending." (*Id.*)

Courts have the power to equitably toll the statutes of limitations in various circumstances. *Armored Grp. LLC v. Lutzker*, No. CV-24-01516-PHX-SPL, 2025 WL 2431820, at *1 (Aug. 22, 2025) (citing *Amer. Pipe & Constr. Co. v. Utah*, 414 U.S. 538,

558 (1974)). Courts may equitably toll the statute of limitations when the plaintiff shows "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). To show diligence, a plaintiff must demonstrate that she exerted "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). And the extraordinary circumstances must be the cause of the untimeliness and make it impossible to file on time. *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019).

While Plaintiff argues she was diligently pursuing her rights with the EEOC, she does not show that her alleged medical conditions constitute extraordinary circumstances. (Doc. 16 at 7–8). Indeed, Plaintiff does not show that her severe PTSD and exacerbated nonverbal learning disorder have made it "impossible to file on time," as these conditions did not preclude her from pursuing her administrative remedies with the EEOC during the statute of limitations period. Accordingly, the Court finds Plaintiff has not met her burden of showing equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Therefore, the Court will grant Defendant's motion to dismiss as to Count IV.

**III. Motion to File Sur-Reply**

Finally, Plaintiff moves to file a sur-reply to argue why dismissal of Count IV would be premature and unduly prejudicial. (Doc. 18 at 1–2).

The rules do not expressly allow parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). However, the Ninth Circuit Court of Appeals has held that "[w]here new evidence is presented in a reply to a motion . . . , [t]he district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)). Even so, sur-replies are "highly disfavored" and allowed only "in the most extraordinary circumstances." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010)

(internal quotation marks and citations omitted); *Zhang v. Voice of Guo Media Inc.*, No. CV-21-01079-PHX-SMB, 2023 WL 7045853, at *1 (D. Ariz. Jan. 3, 2023).

"In determining whether to allow a sur-reply, a 'district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed sur[-]reply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'" *Sebert v. Ariz. Dep't of Corr.*, No. CV-16-354-PHX-ROS (ESW), 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016) (quoting *Doe v. Exxon Mobil Corp.*, 69 F.Supp.3d 75, 85 (D.D.C. 2014)).

Here, Defendant's reply does not raise new arguments or issues for the first time. And Plaintiff's proposed sur-reply would not be helpful to the resolution of the pending motion, as the arguments in her proposed sur-reply do not remedy the untimely filing of Count IV. *See Sebert*, 2016 WL 3456909, at *1. Accordingly, the Court will deny Plaintiff's motion to file a sur-reply.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's partial motion to dismiss (Doc. 14) is granted as to Count I and Count IV. Because the other counts remain, the Clerk of the Court shall not enter judgment at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply, (Doc. 18), is **denied**.

Dated this 10th day of November, 2026.

James A. Teilborg
Senior United States District Judge